```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 06-21671-CIV-KING
                                   MAGISTRATE JUDGE P. A. WHITE
```

TYRONE B. HILL,                  :

    Plaintiff,               :

v.                               :     PRELIMINARY REPORT
                                                     OF MAGISTRATE JUDGE
R. L. STIFF, ET AL.,             :

    Defendant.               :
_____

## I. Introduction

The plaintiff, Tyrone B. Hill, presently confined at Federal Correctional Institution in Forrest City, Arkansas, has filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)[1] concerning events that took place while he was detained at the Federal Detention Center in Miami, Florida ["FDC"]. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

II.   Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted...

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v.

Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

    A.   Statement of Claim

The plaintiff names as defendants former FDC Warden R. L. Stiff; Mrs. V. Price, Case Manager; Lt. M. Hicks; and Dr. Edwin Lopez.

The plaintiff raises the following allegations of constitutional violations that occurred in August and September, 2004.

1. The plaintiff advised Price that his cellmate had threatened him, but she took no action, including failing to move the plaintiff to another cell. As a result, the plaintiff's cellmate sexually assaulted him four times. The plaintiff was placed in the special housing unit (SHU) after the first assault, and his cellmate therein also threatened him. Despite complaints to staff, and despite the fact that Hicks was notified, the plaintiff was not moved, and the SHU cellmate physically assaulted him. Thereafter, the plaintiff was moved, and an inmate known to Stiff and Hicks as a convicted sexual predator was placed in the plaintiff's cell, and this new cellmate sexually assaulted the plaintiff. The plaintiff alleges that Price, Stiff and Hicks violated his Eighth Amendment rights by failing to protect him from the physical and sexual assaults.

2.   On August 23, 2004, the plaintiff presented to Dr. Lopez after he was sexually assaulted, complaining of back pain, severe headaches, vision problems and severe nausea.  Dr. Lopez prescribed Ibuprofen and recommended that the plaintiff do cop-outs to SIS. The plaintiff alleges that Dr. Lopez was deliberately indifferent to his serious medical needs by failing to provide further treatment, as evidenced by the fact that the plaintiff later was prescribed new eyeglasses and was treated for back damage.

   A.   Endangerment Claims

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. Smith v. Wade, 461 U.S. 30 (1983); Redman v. County of San Diego, 896 F.2d 362, 364-66 (9 Cir. 1990) (pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5 Cir. 1983); Jones v. Diamond,  636 F.2d 1364, 1374 (5 Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5 Cir. 1974). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see: Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in

4

reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. Wilson, supra, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. Wilson v. Seiter, supra, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976);

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. Whitley v. Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison

5

officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11 Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11 Cir. 1986); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11 Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold...that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also: LaMarca v. Turner, supra, 995 F.2d at 1536. "Personal participation . . . is only one of several ways to establish the

6

requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate. Wilson v. Seiter, and Estelle v. Gamble, supra.

In this case, the plaintiff alleges that the defendants Price, Hicks and Stiff were aware of the threats made against the plaintiff by cellmates and aware of the propensity of the convicted sexual offender to be a threat to him.  At this stage of the proceedings, the plaintiff has alleged sufficient facts to state a claim for relief against the aforementioned defendants.  The plaintiff's allegations, liberally construed, indicate that these individuals were aware of excessive risks to the plaintiff's safety yet failed to act.  The allegations in the complaint also sufficiently establish a possible causal connection between these individuals' failure to protect his safety and the degree of injury suffered by the plaintiff.

For these reasons, the plaintiff has stated sufficient facts so that the constitutional claims against the defendants Price, Hicks and Stiff clear the §1915 screening and Rule 12(b)(6) hurdles, and it is thus recommended that the claims proceed beyond this initial screening.

Notices of lawsuit and requests for waivers of service of process will be sent to the defendants Price and Hicks.  The plaintiff acknowledges that Stiff no longer works at the FDC, and it is his responsibility to provide a current address for this defendant so the Court can attempt service of process.  The

plaintiff may discover Stiff's address from served defendants or through an inquiry with the BOP.

    B.    <u>Denial of Proper Medical Care</u>

The plaintiff alleges generally that Dr. Lopez failed to provide proper medical treatment.

In the prison context, whether an inmate's medical need requires attention as a matter of constitutional right depends upon its severity. A constitutional claim of denied or delayed medical care requires a showing of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs or the unnecessary and wanton infliction of pain. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Brown v. Hughes</u>, 894 F.2d 1533 (11 Cir. 1990).

The standard is met only where egregious conduct is present, as in instances where a prisoner is subjected to repeated examples of delayed, denied, or grossly incompetent or inadequate medical care; prison personnel fail to respond to a known medical problem; or prison doctors take the easier and less efficacious route in treating an inmate. <u>See</u>, <u>e.g.</u>, <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11 Cir. 1989) (summary judgment precluded where cessation of anti-psychotic medication resulted in repeated suicide attempts and self-mutilation); <u>Rogers v. Evans</u>, 792 F.2d 1052, 1058-59 (11 Cir. 1986) (suicide after misdiagnosis and mistreatment of psychosis). If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 104.

On the other hand, it is well settled that a showing of mere negligence, neglect, or medical malpractice is insufficient to recover on a §1983 claim. <u>Estelle v. Gamble</u>, <u>supra</u>. Moreover, the

8

Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. Estelle v. Gamble, supra, at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim).

The plaintiff has failed to state a constitutional claim against the defendant Lopez. The plaintiff alleges solely that Dr. Lopez examined him, provided medicine and advised the plaintiff to sign up for further treatment. The plaintiff has raised no facts to state a claim that Dr. Lopez acted with the requisite deliberate indifference. To the contrary, the facts indicate that Dr. Lopez advised the plaintiff that he should seek further medical attention, which was apparently an attempt to assist the plaintiff. The plaintiff does not allege that Dr. Lopez denied him treatment or was in a position to render any treatment.

For these reasons, it is recommended that the claim of denial of medical care against the defendant Lopez be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

### III.   Recommendation

Based on the foregoing, it is recommended that:

1.  The defendant Dr. Lopez be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted; and

2.  The case remain pending against the defendants Price, Hicks and Stiff.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Tyrone B. Hill, Pro Se
    No. 71015-004
    Federal Correctional Institution
    P. O. Box 9000
    Forrest City, AR 72336